PER CURIAM.
This bar disciplinary proceeding comes before us on the uncontested report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee submitted the following report which reads in pertinent part: *
II. Findings of Fact as to Each Item of Misconduct of Which the Respondent is Charged: At the final hearing, the respondent tendered a plea of nolo conten-dere to Counts 1, 3, 5, 6, 7, 8, 9 and 10 of the Bar’s complaint and agreed that there was a factual basis for findings of guilty on these counts as to the rules charged. The respondent pled guilty to Count XI, of the Bar’s complaint. The Bar voluntarily dismissed Counts 2 and 4. After considering the complaint and the plea, I find as to the entire complaint, the respondent is, and at all times hereinafter mentioned was a member of The Florida Bar and subject to the jurisdic *431 tion and disciplinary rules of The Supreme Court of Florida. III. Recommendations as to Whether or Not the Respondent Should Be Found Guilty: As previously indicated, the respondent has entered a plea of nolo contendere to Counts 1, 3, 5, 6, 7, 8, 9 and 10 in the Bar’s complaint. The respondent pled guilty to Count XI of the Bar’s complaint. I make the following recommendations as to guilt or innocence:
As to Count I
I recommend the respondent be found guilty and specifically that he be found guilty of violating the following Integration Rules of The Florida Bar and/or Disciplinary Rules of the Code of Professional Responsibility, to wit:
DR 7-101(A)(l) (failure to seek his client’s lawful objectives through available means permitted by law); and DR 7-101(A)(3) (prejudicing his client during the course of a professional relationship).
As to Count II
Dismissed.
As to Count III
Florida Bar Integration Rule, article XI, Rule 11.02(4) (money entrusted to an attorney for a specific purpose must be applied only to that purpose); DR 9-102(A) (all funds of clients paid to a lawyer shall be deposited in one or more identifiable bank or savings and loan association accounts and no funds belonging to the lawyer or law firm shall be deposited therein); and DR 9-102(B)(4) (a lawyer must promptly pay to the client the funds which the client is entitled to receive).
As to Count IV
Dismissed.
As to Count V
DR 1~102(A)(4) (engaging in conduct involving dishonesty, fraud, misrepresentation); and Integration Rule 11.02(4) (applying client funds for a purpose other than that for which it was entrusted).
As to Count VI
Florida Bar Integration rule, article XI, Rule 11.02(4) (money entrusted to an attorney for a specific purpose must be applied only to that purpose); DR 1-102(A)(4) (engaging in dishonesty, fraud, deceit or misrepresentation); DR 9-102(A) (commingling attorney’s funds with client’s trust funds).
As to Count VII
DR 6-101(A)(3) (neglecting a legal matter entrusted to him).
As to Count VIII
DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, or misrepresentation); and Integration Rule 11.02(4) (applying client funds to a purpose rather than that for which it was entrusted).
As to Count IX
DR 9-102(A) (commingling attorney’s funds with client’s trust funds).
As to Count X
Florida Bar Integration Rule, article XI, Rule 11.02(4) (money entrusted to a lawyer for a specific purpose must be applied only to that purpose); DR 1-102(A)(4) (engaging in dishonesty, fraud, deceit or misrepresentation); and DR 9-102(A) (commingling attorney’s funds with client’s trust funds).
As to Count XI
DR 9-102(A) (all funds of clients paid to a lawyer shall be deposited in one or more identifiable bank or savings and loan association accounts and no funds belonging to the lawyer or law firm shall be deposited therein); and Integration Rule 11.02(4)(c).
*432 IV. Recommendation as to Disciplinary Measures to be Applied: Respondent’s plea of nolo contendere to Counts 1, 3, 5, 6, 7, 8, 9, 10 and guilty plea as to Count 11 of the Bar’s complaint was conditioned upon the Bar’s agreeing to recommend as discipline respondent be disbarred from the practice of law for five (5) years and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(4).
It is further recommended that respondent should be required to make any restitution in the above cases as a condition precedent to application for reinstatement to practice law.
We approve the findings and recommendations of the referee. H. Anderson Burnett, II, is hereby disbarred from the practice of law in the state of Florida, effective immediately. He cannot be readmitted until he proves his rehabilitation as provided in the rules, and he shall not apply for readmission until at least five years from this date. Burnett shall make appropriate restitution as a condition precedent to any application for readmission.
Judgment for costs in the amount of $2,508.72 is hereby entered in favor of the bar and against Burnett, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

 References are to the former Integration Rule and disciplinary rules.